IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) Case No. 2:22-cr-174 |
| CORY JOHNSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is a request to apply a two-level downward reduction in calculating Defendant Cory Johnson's[1] base offense level under the U.S. Sentencing Guidelines. Specifically, Mx. Johnson claims that they are safety-valve eligible under U.S.S.G. § 5C1.2, which would result in a two-level reduction. This is somewhat of a tricky issue because there is a discrepancy in the language of U.S.S.G. § 5C1.2 and the safety-valve statutory provision under 18 U.S.C. § 3553(f). If the Court applies the criteria set forth in U.S.S.G. § 5C1.2, Mx. Johnson would not qualify for the two-level reduction; but if the Court applies the criteria in Section 3553(f), they would.

After careful consideration, the Court finds that the intent of U.S.S.G. § 5C1.2 is to track the statutory criteria in Section 3553(f), and to the extent that there is any ambiguity in the Guideline, then it must be construed in Mx. Johnson's favor under the rule of lenity.

## BACKGROUND

On July 12, 2022, the government indicted Mx. Johnson for attempting to possess with intent to distribute five grams or more of methamphetamine

---

[1] Cory Johnson uses the pronouns "they/them/their," and so the Court will use those pronouns and will also refer to Johnson with the gender-neutral honorific of "Mx." *See* Merriam-Webster Dictionary, https://www.merriam-webster.com/wordplay/mx-gender-neutral-title ("The gender-neutral *Mx.* is used as a title for those who do not identify as being of a particular gender, or for people who simply don't want to be identified by gender.").

- 1 -

hydrochloride. ECF 3. On April 27, 2023, Mx. Johnson entered into a plea agreement, pleading guilty to the lesser included offense of attempt to possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine. ECF 42.

On June 29, 2023, the U.S. Probation Office filed the pre-sentence investigation report in this case. That report calculates Mx. Johnson's offense level as follows:

| | | |
|---|---|---|
| Base Offense Level | U.S.S.G. §§ 2D1.1(a)(5) and (c)(6) | 28 |
| Specific Offense Characteristics (safety valve applicability) | U.S.S.G. §§ 2D1.1(b)(18) and 5C1.2 | -2 |
| Adjusted Offense Level (Subtotal) | | 26 |
| Acceptance of Responsibility | U.S.S.G. § 3E1.1(a) | -2 |
| Acceptance of Responsibility (additional point) | U.S.S.G. § 3E1.1(b) | -1 |
| Total Offense Level | | 23 |

ECF 49, ¶ 31.

The PSR calculates Mx. Johnson's criminal history as eight total criminal history points, but each of those points resulted from prior 1-point offenses. So "a maximum of four points has been counted under USSG § 4A1.1(c)." *Id.* at ¶ 42.

### DISCUSSION & ANALYSIS

As discussed above, at issue is the two-level downward adjustment under U.S.S.G. § 5C1.2 for safety-valve eligibility.

Section 5C1.2 provides:

(a) Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose

a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-18 U.S.C. §3553(f)(5) set forth below:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category);
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2 references the criteria in 18 U.S.C. § 3553(f), but the criteria in that statute have changed with the First Step Act. As relevant here, the first criterion under the statute concerning criminal history points is much more lenient that the Guidelines provision. The statute says that the safety valve can apply if "the defendant does not have (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense…(B) a prior 3-point offense…[or] (C) a prior 2-point violent offense[.]" 18 U.S.C. § 3553(f)(1).

| Guideline Provision (1) | Statutory Provision (1) |
|---|---|
| The defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category) | The defendant does not have – <br>(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines; <br>(B) a prior 3-point offense, as determined under the sentencing guidelines; and <br>(C) a prior 2-point violent offense as determined under the sentencing guidelines |

The discrepancy matters here because Mx. Johnson meets the criteria under the statute, but not the Guideline.

In confronting this inconsistency, courts have taken various approaches. *See* Hope Luther, Mind the Gap – When the Guidelines Lag Behind Statutory Amendments, 54 U. Tol. L. Rev. 443, 456-57 (2023). Some incorporate the updated statutory text into the Guidelines. *E.g., United States v. Johnson*, 379 F. Supp. 3d 1213, 1226 (M.D. Ala. 2019) ("The court found that USSG § 5C1.2(a) (1)-(5) is intended to reflect the statutory criteria in 18 U.S.C. § 3553(f), and that the First Step Act amendments…are therefore incorporated…even though the text of the Guidelines has not yet been updated.").

Others apply a downward variance to account for the difference. *E.g.*, *United States v. Martinez*, 839 F. App'x 993, 997 (6th Cir. 2021) (affirming district court that "acted as though the First Step Act's safety valve applied in giving [defendant] the two-level downward variance"); *United States v. Green*, 816 F. App'x 859, 860 (4th Cir. 2020) (affirming when "[t]he district court agreed that a two-level variance was warranted based on the safety-valve Guideline issue").

Still others, however, find that the criteria that are specifically laid out in the Guideline controls. *E.g.*, *United States v. Shanklin*, 835 F. App'x 145, 146 (7th Cir. 2021) ("Shanklin did not meet all the criteria set forth in § 5C1.2(a)(1)-(5) because these provisions have yet to be amended and still require that he have no more than one criminal history point; he has four."); *United States v. Leri*, 849 F. App'x 898, 900 (11th Cir. 2021) ("The only way Leri could qualify for the two-level reduction is if § 5C1.2's reference to 'the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below' is read to incorporate the amended criteria in § 3553(f), including the broadened criteria for criminal history in § 3553(f)(1). But that reading is not plain from the language of § 5C1.2….[T]he district court did not plainly err by not concluding that Leri satisfied the safety-valve criteria.").

After careful consideration, the Court agrees with the first approach, and finds that the Guideline incorporates by reference the criteria in the statute, as amended. That is, the express language of the Guideline incorporates the statutory requirements by reference; it states that the defendant must meet "the criteria in 18 U.S.C. § 3553(f)(1)-18 U.S.C§ 3553(f)(5)" to satisfy the Guideline. U.S.S.G. § 5C1.2. This reflects an intent to align with the statutory standard that is in effect.

True, the old pre-First Step Act Section 3553(f) criteria are reproduced and quoted in the Guideline. But, importantly, they are prefaced with the language "set forth below." U.S.S.G. § 5C1.2 ("If the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-18 U.S.C§ 3553(f)(5) set forth below…").

The Court finds that the context of this phrase "set forth below" is a signal that what follows is not to convey any substantive information, but, rather, is intended to be an exact reproduction of the statute simply designed for the convenience of the reader. It is a copy and paste. It is descriptive, not prescriptive.[2]

---

[2] The Court might reach a different decision if the Guideline stated "***as*** set forth below," which would arguably reflect more of an intent to prescribe the criteria.

But even if the Guideline could be read differently, that would, in the Court's estimation, mean that it is "grievously" ambiguous. And where there is such an ambiguity in a provision of the Guidelines, the rule of lenity requires that the Court construe it in favor of the defendant. *United States v. Flemming*, 617 F.3d 252, 269 (3d Cir. 2010) (finding Guideline grievously ambiguous and holding that because "both interpretations are plausible, we apply the rule of lenity and resolve the ambiguity in Flemming's favor").

Accordingly, the Court will apply the Section 3553(f) requirements to Mx. Johnson's case. Because Mx. Johnson does not have more than four criminal history points and satisfies the other enumerated criteria,[3] they are eligible for a two-level safety-valve reduction.

## CONCLUSION

For the above reasons, the Court hereby grants the request to apply the two-level downward adjustment under U.S.S.G. § 2D1.1(b)(18) and calculates Mx. Johnson's total offense level as 23.

DATE: August 3, 2023                                    BY THE COURT:

                                                        /s/ J. Nicholas Ranjan
                                                        United States District Judge

---

[3] In its sentencing papers, the government does not dispute that the safety-valve criteria apply, and so the Court presumes that Mx. Johnson has complied with their proffer obligation under § 5C1.2(a)(5).